**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0390-17T4

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

RASHEEM WHITE,

     Defendant-Appellant.

_____

> Submitted October 10, 2018 – Decided November 2, 2018
>
> Before Judges Yannotti and Gilson.
>
> On appeal from Superior Court of New Jersey, Law Division, Passaic County, Indictment No. 07-11-1402.
>
> Joseph E. Krakora, Public Defender, attorney for appellant (Steven M. Gilson, Designated Counsel, on the brief).
>
> Camelia M. Valdes, Passaic County Prosecutor, attorney for respondent (Christopher W. Hsieh, Chief Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant appeals from an order dated April 13, 2017, which denied his petition for post-conviction relief (PCR). We affirm.

I.

Defendant was charged with first-degree murder, N.J.S.A. 2C:11-3(a)(1) or (2) (count one); second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4 (count two); third-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(b) (count three); and second-degree certain persons not to possess weapons, N.J.S.A. 2C:39-7(b) (count four). Defendant was tried before a jury.

The evidence presented at trial established that in the early morning hours of May 18, 2007, Sherby Tyson was shot to death on a street in Paterson. That night, Tyson had been driving around and drinking with Shaquese Rawl and Antonio Johnson. They parked the car, and Tyson and Rawl got out while Johnson slept in the backseat. Shortly after Rawl returned to the car, a man approached Tyson and an altercation began. The man shot Tyson three times. Tyson died before medical assistance arrived.

In June 2007, the police interviewed Antwan Seegers, who had been sitting in a parked van on the street at the time of the shooting. He was shown a photo array and he identified defendant as the shooter. In November 2009, the

trial court conducted a hearing to determine whether Seegers's statement should be admitted in light of indications that his trial testimony would be inconsistent. At the hearing, Seegers recanted his identification, but the court found that his prior statement was reliable and admitted it into evidence. Seegers's trial testimony was consistent with his original statement, but he claimed he could not identify the shooter.

Rawl also testified at trial and described the shooting. He stated that he could not identify the shooter, but said the shooter had been wearing a "black hood" that was "tied all the way tight on [his] face." Ebony Jones testified that she observed the altercation and shooting from her third-floor apartment window. She identified defendant as the shooter.

In addition, Tyson's brother Tyrod Mills testified that in 2006, he was incarcerated with defendant. According to Mills, they became friends, but defendant did not know that Mills and Tyson were brothers. Mills testified that in 2007, he read in a newspaper that defendant had been charged with killing his brother. Mills stated that sometime later, he and defendant were again incarcerated together. Mills stated that defendant told him he shot Tyson three times in the back during a robbery attempt.

3

The jury found defendant not guilty of murder, as charged in count one, but guilty of the lesser-included offense of passion/provocation manslaughter, N.J.S.A. 2C:11-4(b)(2). The jury also found defendant guilty on counts two, three, and four.

Shortly after the verdict, but before sentencing, the assistant prosecutor received a one-page police report, which stated that a man named James Felton murdered Tyson, and that Felton was later murdered in retaliation. The report was written by a Passaic County detective, and it related information the detective received from a confidential informant (CI). The State provided a copy of the report to defense counsel.

Defendant then filed a motion for a new trial, based on an alleged violation of Brady v. Maryland, 373 U.S. 83 (1963). The judge conducted a hearing and found that the detective had obtained the information from the CI. Defendant filed a motion to compel disclosure of the CI's identity. The judge refused to order disclosure and denied defendant's motion for a new trial.

The trial court sentenced defendant to an aggregate prison term of twenty-six years, with approximately twenty years and three months of parole ineligibility. Defendant appealed from the judgment of conviction dated February 17, 2010. Defendant raised the following arguments:

POINT ONE
BY FAILING TO CHARGE THE JURY ON SELF-DEFENSE, THE TRIAL COURT DEPRIVED MR. WHITE OF DUE PROCESS AND A FAIR TRIAL.

POINT TWO
THE TRIAL COURT ERRED IN DENYING DEFENDANT'S MOTION FOR [A] NEW TRIAL BASED ON A VIOLATION OF BRADY.

POINT THREE
THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED A MOTION FOR MISTRIAL BASED ON PROSECUTORIAL MISCONDUCT DURING SUMMATION WHEN THE STATE DREW PREJUDICIAL INFERENCES NOT BASED ON EVIDENCE BY TELLING THE JURY THAT THE WITNESSES' LIVES WERE ON THE LINE BY TESTIFYING AGAINST MR. WHITE, THUS DEPRIVING HIM OF DUE PROCESS AND A FAIR TRIAL.

POINT FOUR
THE TRIAL COURT ABUSED ITS DISCRETION BY ALLOWING THE STATE TO ELICIT IRRELEVANT, NON-PROBATIVE, AND PREJUDICIAL EVIDENCE THAT DEFENDANT WAS INCARCERATED.

POINT FIVE
THE TRIAL COURT ABUSED ITS DISCRETION BY ALLOWING ANTW[A]N SEEGERS TO TESTIFY IN PRISON CLOTHES OVER DEFENSE OBJECTION.

POINT SIX
THE TRIAL COURT ABUSED ITS DISCRETION BY ALLOWING THE STATE TO INTRODUCE A PRIOR CONSISTENT STATEMENT OF ITS OWN

5

WITNESS, IMPERMISSIBLY BOLSTERING THE
WITNESS'S CREDIBILITY.

POINT SEVEN
THE STATE DEPRIVED MR. WHITE OF HIS RIGHT
TO A FAIR TRIAL BY INTRODUCING A PRIOR
INCONSISTENT STATEMENT OF ITS OWN
WITNESS WITHOUT SATISFYING THE
REQUIREMENTS OF N.J.R.E. 803(a)(1).

POINT EIGHT
THE TRIAL COURT ABUSED ITS DISCRETION BY
IMPOSING A MANIFESTLY EXCESSIVE
SENTENCE.

We affirmed the conviction and sentence, but remanded the matter for further consideration of defendant's motion to compel disclosure of the CI's identity. State v. White, No. A-3967-09 (App. Div. Mar. 28, 2012) (slip op. at 2). The Supreme Court later denied defendant's petition for certification. State v. White, 212 N.J. 459 (2012).

On remand, the trial court again refused to order disclosure of the CI's identify and defendant appealed. We affirmed the court's order. State v. White, No. A-3100-12 (App. Div. Oct. 15, 2014) (slip op. at 1). Defendant then filed a petition for certification with the Supreme Court. The Court denied the petition. State v. White, 221 N.J. 285 (2015).

A-0390-17T4

## II.

On April 5, 2016, defendant filed a pro se PCR petition in the Law Division, and the trial court appointed PCR counsel for defendant. Defendant alleged that he was denied the effective assistance of counsel because his trial attorney: (1) advised him not to testify and failed to do a "run through" of his testimony to determine if he would be a good witness; (2) did not explore an alibi defense; (3) failed to secure video surveillance footage of the crime scene; and (4) failed to object at sentencing to the court's consideration of certain aggravating factors and present a mitigating factor.

In support of his petition, defendant provided the PCR court with a certification in which he stated that he was in Philipsburg, Pennsylvania at the time of the shooting. Defendant claimed his trial attorney told him she did not want him to testify. He stated that his attorney was not prepared adequately for trial, and failed to provide him with the necessary information to make an informed and intelligent decision as to whether to testify.

Defendant's trial attorney provided a certification to the PCR court, in which she disputed defendant's claims of ineffective assistance. She stated she had investigated the case, prepared for trial, and met with defendant

approximately twelve times prior to jury selection. She asserted that she spoke to defendant in court during every status conference.

In addition, counsel stated that she had visited the crime scene, spoke with the prosecution witnesses, and submitted follow-up investigation requests. She stated that she met with the prosecuting attorney to ensure she had complete discovery. She also said that she spoke with defendant every day as the case was tried, and discussed with him whether he should testify. According to counsel, defendant chose not to testify and the trial judge questioned him on the record about that decision.

Counsel further stated that several months into her representation of defendant, he indicated for the first time that a certain individual would state she was with him in Philipsburg, Pennsylvania on the night of the homicide. Counsel noted, however, that defendant had been incarcerated for assaulting this individual. Counsel said she investigated defendant's claim but it "did not yield results" that were "beneficial" to defendant.

Counsel disputed defendant's claim that she was not prepared for trial. Counsel also noted that after defendant was found guilty, the prosecutor provided her with information that was relevant to defendant's case, and she filed a motion for a new trial. Counsel stated that during that proceeding,

defendant did not raise any of the claims defendant has raised in the PCR petition.

On March 31, 2017, the PCR court heard oral argument on the petition. Thereafter, the judge placed a decision on the record, which was memorialized in a letter opinion. The court found that defendant had not established a prima facie case of ineffective assistance of counsel, and therefore an evidentiary hearing was not required on the petition.

The court noted that defendant's "bare assertion" that he was in Philipsburg, Pennsylvania at the time of the shooting was not sufficient prima facie evidence of ineffective assistance of counsel. The court also found no merit in defendant's claim that his attorney was ineffective at sentencing, and noted that the sentence had been affirmed on appeal.

In addition, the court found that counsel was not deficient in failing to obtain surveillance footage of the crime scene. The court pointed out that defendant had not shown that a security camera even existed in the area of the shooting on the date in question. The court also rejected defendant's claim that counsel did not conduct an adequate investigation of the matter.

The court filed an order dated April 13, 2017, denying PCR. This appeal followed.

A-0390-17T4

III.

On appeal, defendant argues:

> THIS MATTER MUST BE REMANDED FOR AN EVIDENTIARY HEARING BECAUSE DEFENDANT ESTABLISHED A PRIMA FACIE CASE OF TRIAL COUNSEL'S INEFFECTIVENESS BY EFFECTIVELY INDUCING DEFENDANT NOT TO TESTIFY; IN THE ALTERNATIVE, THIS MATTER MUST BE REMANDED FOR THE PCR COURT TO SPECIFICALLY ADDRESS THIS CLAIM. (Partially Raised Below).

To establish ineffective assistance of counsel, a defendant in a criminal matter must satisfy the two-part test established in Strickland v. Washington, 466 U.S. 668, 687 (1984), and later adopted by our Supreme Court in State v. Fritz, 105 N.J. 42, 58 (1987). Under the test, a defendant first must "show that counsel's performance was deficient." Strickland, 466 U.S. at 687. Defendant must establish that counsel's performance "fell below an objective standard of reasonableness" and that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687-88.

Defendant also must establish that "the deficient performance prejudiced the defense." Id. at 687. To establish prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors,

A-0390-17T4

the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome" of the matter. Id. at 694.

Here, defendant argues that his trial attorney was deficient because she did not provide him with adequate advice about whether he should testify.  The record shows that defendant elected not to testify, and in her certification, defense counsel stated she discussed this decision with defendant during the trial.

Moreover, defense counsel questioned defendant on the record regarding his decision.

> [DEFENSE COUNSEL]: Thank you.  Mr. White, you and I discussed the fact that you have a right to testify in your own defense?
>
> THE DEFENDANT: Yes.
>
> [DEFENSE COUNSEL]: We've spoken about this case numerous time[s] over more than a year that I've been representing you?
>
> THE DEFENDANT: Yes.
>
> [DEFENSE COUNSEL]: And we continued to speak about this case during the trial?
>
> THE DEFENDANT: Yes.

[DEFENSE COUNSEL]: And you and I have discussed whether or not you would testify in this case, right?

THE DEFENDANT: Yes

[DEFENSE COUNSEL]: And is it your decision now based on our conversation not to testify?

THE DEFENDANT: Yes.

[DEFENSE COUNSEL]: And you're doing that freely and voluntarily?

THE DEFENDANT: Yes.

[DEFENSE COUNSEL]: Is anyone forcing you or am I forcing you not to testify in this case?

THE DEFENDANT: No.

[DEFENSE COUNSEL]: That's your own choice?

THE DEFENDANT: Yes.

The judge then questioned defendant about his decision not to testify.

THE COURT: Mr. White, this is the charge that I would read to the jury if you chose to have this read. You do not have to have this read to the jury but I want you to listen to what I would read and then discuss it with your attorney for a moment, okay?

THE DEFENDANT: Yes.

THE COURT: If you decide[] not to testify, which you have done, and you want the jury to be instructed as to that, this is what I would say. As you know, Mr. White elected not to testify at trial. It is his constitutional right

12

to remain silent. You must not consider for any purpose or in any manner in arriving at your verdict the fact that the defendant did not testify. That fact should not enter into your deliberations or discussions in any manner at any time. Mr. White is entitled to have the jury consider all the evidence presented at trial. He is presumed innocent whether or not he chooses to testify.

Do you understand the charge?

THE DEFENDANT: Yes.

THE COURT: Do you want to discuss it with your lawyer for a moment?

[DEFENSE COUNSEL]: Mr. White, having heard that charge, do you agree with me that the [c]ourt should read that charge to the jury when it reads all of the charges to the jury?

THE DEFENDANT: Yeah.

Thus, the record does not support defendant's contention that his trial attorney did not provide him with adequate advice regarding his decision not to testify at trial. In addition, even assuming counsel's advice was inadequate, defendant has not shown that he was prejudiced thereby. Presumably, he would have testified that he was in Philipsburg, Pennsylvania on the night of the homicide.

However, defendant did not provide an affidavit or certification from any individual to corroborate that claim. In her certification, defense counsel noted

A-0390-17T4

that she had investigated this potential defense, and the investigation did not produce any evidence that would have been beneficial to defendant. Moreover, in our opinion on defendant's direct appeal, we noted that the State had presented strong evidence that defendant was the person who shot and killed Tyson.

Thus, defendant failed to show a reasonable probability that the result of the proceeding would have been different if he had testified. The record therefore supports the PCR court's determination that defendant failed to establish a prima facie case of ineffective assistance of counsel.

Defendant also argues that the PCR court should have conducted an evidentiary hearing on his petition. We disagree. The PCR court should conduct an evidentiary hearing on PCR petition if the defendant presents a "prima facie case in support of [PCR]," the defendant has raised a "material issue[] of disputed fact that cannot be resolved by reference to the existing record, and [the court] determin[es] that an evidentiary hearing is necessary to resolve the claims for relief." R. 3:22-10(b). Because defendant failed to present a prima facie case for PCR, and the existing record was sufficient to resolve the claims presented, an evidentiary hearing was not required.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

14

A-0390-17T4